FPK-23007/RSW
W:\F&K\Cases\001 Active files\FK active 2018\DEF\22037.FPK.West v Power\Pleadings\Zurich v Hastings DJ.docx

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, POWER CONSTRUCTION COMPANY, LLC, and PATRICK WEST, <br><br>Plaintiffs, <br><br>v. <br><br>HASTINGS MUTUAL INSURANCE COMPANY, <br><br>Defendant. | No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COME plaintiffs, Patrick West, Power Construction Company, LLC (Power) and Zurich American Insurance Company (Zurich), by and through their attorneys, Feiereisel Kasbohm & Wayne, LLC, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, in this Complaint for Declaratory Judgment, seek a declaration of rights against defendant, Hastings Mutual Insurance Company (Hastings). In support, Patrick West, Power and Zurich state:

## CONTROVERSY, JURISDICTION, VENUE

1. This action seeks a declaration that Hastings owes Power a duty to defend as an additional insured the claims brought by Patrick West against Power in the lawsuit titled *Patrick West v. Power Construction Company, LLC, et al.*, in the Circuit Court of Cook County, Illinois, number 2022 L 005075 (*West* litigation), and that Zurich is entitled to equitable contribution for costs incurred based on Hastings' refusal to defend Power.

2. Power is an Illinois corporation authorized to do business in Illinois.

3. Zurich is a New York corporation authorized to do business in Illinois.

4. Patrick West is a citizen of Illinois, and is joined as a proper party plaintiff in interest by virtue of his status as the plaintiff in the *West* litigation.

5. Hastings is a Michigan corporation authorized to do business in Illinois.

6. Power's costs of defense in the *West* litigation and damages pursuant to Section 155 of the Illinois Insurance Code exceed $75,000; Zurich's equitable contribution claims against Hastings also exceed $75,000.

7. This declaratory judgment action involves claims for coverage for lawsuits pending within the Northern District of Illinois, and Hastings does business within the Northern District of Illinois.

## Power/Meyer Subcontract

8. Pursuant to its Subcontract Agreement with Power, Meyer Concrete Pumping and Conveyer Services, LLC agreed to provide labor and materials to place a mobile pump and operate a stationary pump and placing boom for a construction project located at 2 West Division Street, Chicago, Illinois, as specified in scope of services at Exhibit A of the Power/Meyer Subcontract Agreement. Ex. A, Power/Meyer Subcontract, p. 6.

9. The Power/Meyer Subcontract Agreement contains the following insurance obligations:

> ARTICLE 4: INSURANCE
>
> 4.1 The Service Provider shall secure insurance coverage of the type and with the limits as set forth in Exhibit C, attached hereto. A condition precedent to the Service Provider's entitlement to payment shall be providing General Contractor with a certificate of insurance confirming that the required coverage with the required limits has been secured. In the event of cancellation or change to any of the above referenced policies, the Service Provider shall replace the coverage with companies satisfactory to General Contractor. If Service Provider fails to submit policies or certificates or fails to replace insurance as herein provided, General Contractor may take such steps as it deems necessary to obtain such

insurance protection and shall charge all associated costs and premiums to Service Provider.

[*   *   *]

EXHIBIT C
INSURANCE REQUIREMENTS

[*   *   *]

A. <u>Commercial General Liability</u> - Including coverage for Premises-Operations, Independent Contractors' liability, Products and Completed Operations, Contractual Liability, Personal Injury, and Broad Form Property Damage (including coverage for Explosion, Collapse, and Underground hazards) with limits not less than the following:

<u>Each</u> Occurrence $ 1,000,000
General <u>Aggregate</u> per Project $ 2,000,000
<u>Per Project</u> or <u>Per Location Aggregate</u> $ 2,000,000
Personal and Advertising Injury: $ 1,000,000
Products - Completed Operations Aggregate $ 2,000,000

Completed Operations insurance maintained for a minimum period of two (2) years after Substantial Completion.

**Such Policy shall include a Blanket Additional Insured listed herein with a Blanket Waiver of Subrogation in favor of Additional Insured's.**

[*   *   *]

<u>ADDITIONAL INSURED</u>

Commercial General Liability and Excess Umbrella Liability policies described above shall include the following as additional insured's, including their officers, directors, and employees (the spelling of these parties must be exactly correct):

Power Construction Company LLC (General Contractor)
Power Construction Company LLC
Newcastle Limited
Reside Living LLC
Newcastle Retail Management LLC
Lookout LLC
CBIC Bank USA, ISAOA
Chicago Transit Authority including all managers, members, partnerships, and partners thereunder, corporations, trusts, joint

> ventures, affiliates, employees and/or agents thereof as their interest may appear are named additional insured for services provided.
>
> The underlying coverage afforded to the additional insured under these policies shall be primary and noncontributory insurance. If the additional insured has other insurance that is applicable to the loss, such other insurance shall be in excess to the Service Provider's insurance. The amount of the Service Provider's liability under this policy shall not be reduced by the existence of such other insurance. A Blanket Additional Insured Endorsement shall be provided so that the coverage afforded to the additional insured's shall apply to "Ongoing Operations" and "Completed Operations-Hazards." It is further agreed that the coverage afforded to the additional insured shall <u>not apply to the sole negligence of the additional insured's</u>.
>
> [*   *   *]
>
> Failure to provide the projects insurance shall not relieve the Service Provider of any liability it may have under this Agreement or at law. All emphasis original.

Ex. A, pp. 2, 19 (all emphasis original).

10. In addition, the Power/Meyer Subcontract Agreement contains the following defense obligation:

> ARTICLE 6: NEGLIGENCE, ERRORS, OMISSIONS, MISCONDUCT
>
> 6.1 To the fullest extent permitted by law, Service Provider shall defend, protect, indemnify and hold General Contractor, its affiliates, partners, members, officers, successors, assigns, agents and employees as well as those parties identified in Exhibit C hereto free and harmless from any and all liabilities, claims, demands, actions, costs (including but not limited to fees, assessments, fines and penalties from any third parties or governmental agencies), suits or matters in connection therewith, including reasonable attorneys' fees, if caused by reason of or as a result of the negligent, reckless or intentionally wrongful acts, error or omissions of Service Provider or anyone for whom it is responsible.

Ex. A, p. 2.

**Meyer/Hastings CGL**

11. Meyer Concrete Pumping and Conveyer Services, LLC obtained commercial general liability coverage, provided by Hastings, under policy # CPP6068444, effective July 17, 2020 through July 17, 2021. Ex. B, Hastings CGL policy.

12. The Hastings CGL policy contains the Endorsement CG 20 37 04 13, "Additional Insured – Owners, Lessees or Contractors – Schedule Person or Organization," which states as follows:

---

HASTINGS MUTUAL INSURANCE COMPANY
THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
|  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
   1. Your acts or omissions; or
   2. The acts or omissions of those acting on your behalf;
   in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
   However:
   1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
   2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.
B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
   This insurance does not apply to "bodily injury" or "property damage" occurring after:
   1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or
   2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

---

Ex. B, p. 198 of 278.

13. The Hastings CGL policy contains the Endorsement PO 04 12 09 15, "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization," which states as follows:

> **HASTINGS MUTUAL INSURANCE COMPANY**
> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**
>
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **SCHEDULE**
>
> | Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
> |---|---|
> | | |
>
> Information required to complete this Schedule, if not shown above, will be shown in the Declarations.
>
> A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>   1. Your acts or omissions; or
>   2. The acts or omissions of those acting on your behalf;
>
>   in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
>
> B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
>
>   This insurance does not apply to "bodily injury" or "property damage" occurring after:
>   1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or
>   2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Ex. B, p. 200.

14. The Hastings CGL policy contains the Liability Coverage Extension Endorsement 2-968, which states as follows:

HASTINGS MUTUAL INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## LIABILITY COVERAGE EXTENSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Following is a summary of coverage limits provided by this endorsement. It is subject to the terms and conditions of your policy except as amended herein.

**Liability Limits**

| | |
|---|---|
| Additional Insured by Contract, Agreement or Permit | Included |
| Additional Insured – Lessor of Leased Equipment | Included |
| Additional Insured – Vendors | Included |
| Aggregate Limit Amendment | Included |
| Broad Form Property Damage | $100,000 |
| Damage to Premises | Included |
| Fire Damage Additional Limit | $100,000 |
| Incidental Medical Services – Specified Persons | Included |
| Knowledge of Occurrence | Included |
| Limited Fungi or Bacteria Coverage | $50,000 |
| Medical Payments – Additional Limit | $10,000 |
| Non-Owned Watercraft | Included |
| Primary Non-Contributory – Other Insurance Condition | Included |
| Product Recall Expense | $50,000 |
| Supplementary Payments – Coverages A and B | Bonds $1,000/ Loss of Earnings $300 |
| Waiver of Transfer of Rights of Recovery Against Other to Us | Blanket |

**Additional Insured by Contract, Agreement or Permit**

A. The following is added to Section II – Who Is An Insured:

Any person or organization with whom you agreed, because of a written contract or written agreement, is an insured but only with respect to liability arising out of your ongoing operations performed for that insured, or facilities owned or used by you.

With respect to the insurance afforded to these additional insureds, the following exclusions apply:

1. The rendering of or failure to render professional services;
2. Liability arising out of the sole negligence of the additional insured or by those acting on behalf of the additional insured; or
3. "Bodily injury" or "property damage" occurring after:
   a. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or
   b. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a written contract or written agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following is added to Section III – Limits Of Insurance:

If coverage provided to the additional insured is required by a written contract or written agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the written contract or written agreement; or
2. Available under the applicable Limits of Insurance shown in the Declarations,

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

| | | |
|---|---|---|
| 2-968 (1/18) | Contains copyrighted material of Insurance Services Office, Inc. | Page 1 of 5 |

Ex. B, p. 208.

15. The Declarations of the Hastings CGL state, in relevant part,

```
NAMED INSURED AND ADDRESS                AGENCY        ACCT#Z646068444
                                         TEL. NO. 847-566-7200
    RELIABLE CONCRETE PUMPING LLC        ALECKSON AGENCY
    DBA ETAL                             1155 ENSELL RD
    PO BOX 296                           LAKE ZURICH IL 60047
    LIBERTYVILLE IL 60048
    INSURED SINCE: 07/2016        THIS POLICY IS BILLED BY THE COMPANY-I

           MORTGAGE HOLDERS / LOSS PAYEES / ADDITIONAL INSUREDS / WAIVER OF SUBRO

    ADDITIONAL INSURED                      ADDITIONAL INSURED
    PD 02 59        2-014                   PD 02 58        2-014
    ANY PERSON OR ORGANIZATION FOR          ANY PERSON OR ORGANIZATION FOR
    WHOM YOU ARE REQUIRED IN A              WHOM YOU ARE REQUIRED IN A
    PO BOX 296                              PO BOX 296
    LIBERTYVILLE IL                         LIBERTYVILLE IL
    60048                                   60048

    ADDITIONAL INSURED                      ADDITIONAL INSURED
    PD 04 12        2-014                   PD 04 13        2-014
    PEARL STREET COMMONS LLC                PEARL STREET COMMONS LLC
    FULL CIRCLE COMMUNITIES INC             FULL CIRCLE COMMUNITIES INC
    3423 N DRAKE AVE                        3423 N DRAKE AVE
    CHICAGO IL                              CHICAGO IL
    60618                                   60618

    ADDITIONAL INSURED                      ADDITIONAL INSURED
    PD 04 12        2-014                   PD 04 13        2-014
    CORDOGAN CLARK & ASSOCIATES             CORDOGAN CLARK & ASSOCIATES
    INC ILLINOIS HOUSING DEPT               INC ILLINOIS HOUSING DEPT
    3512 PEARL ST                           3512 PEARL ST
    MCHENRY IL                              MCHENRY IL
    60050                                   60050
```

Ex. B, p. 5.

16. Pursuant to Endorsement CG 20 10 04 13, Endorsement PD 04 12 09 015, Liability Coverage Extension Endorsement, the Declarations, together with the Power/Meyer Subcontract Agreement, Power is an additional insureds, on a primary and non-contributory basis, under Hastings CGL policy # CPP6068444. *See* Ex. A, pp. 2, 6, 19; Ex. B, 5, 198, 200, 208.

### *West* Litigation

17. On June 7, 2022, Patrick West filed his complaint for personal injuries against Power arising out of a construction accident at 2 West Division. Ex. C, Patrick West Cplt.

18. Patrick West was an employee of Meyer Concrete and Pumping Conveyer Services, LLC at the time of his accident. Ex. C, ¶ 11.

19. Patrick West claims that he was injured when he stepped on the column caps on the floor while dismounting from the ladder as he attempted to exit a crane. In particular, West alleges the following negligent acts and omissions against Power:

- (a) Created an unsafe condition for workers on the jobsite by placing column caps under and at the base of a crane ladder;
- (b) Impeded Plaintiff's means of egress from the crane;
- (c) Failed to remove the column caps from underneath and at the base of the ladder to the crane when Defendant knew or should have known the presence of the column caps created a dangerous condition;
- (d) Failed to properly instruct its employees regarding the safe storage of materials on the jobsite;
- (e) Failed to properly train its employees regarding the safe storage of materials on the jobsite;
- (f) Failed to perform necessary inspections of its work to discovery and remedy hazardous conditions;
- (g) Failed to properly supervise the work to ensure its employees and/or agents did not create a hazardous condition for workers on the jobsite.
- (h) Was otherwise careless and/or negligent.

Ex. C, ¶ 25 (a) through (h).

20. The allegations in the *West* litigation against Power arise out of Meyer Concrete Pumping and Conveyer Services, LLC's performance of its work under the Subcontract Agreement with Power.

21. On information and belief, Hastings has agreed to defend and indemnify Meyer Concrete Pumping and Conveyer Services, LLC, the named insured under Hastings CGL policy # CPP6068444, in the *West* litigation.

**Count I: Power v. Hastings**

*Duty to Defend*

22. Power restates the allegations in paragraphs 1 through 21, inclusive, in this paragraph 22 of Count I.

23. On June 20, 2022, Power tendered its defense of the *West* litigation to Hastings. Ex. D, 6/20/2022 Tender.

24. On November 2, 2022, Hastings wrongfully denied Power's tender. Ex. E, 11/02/2022 Declination.

25. Upon notice of the claim and pursuant to *Scottsdale Ins. Co. v. Columbia Ins. Group, Inc.*, 972 F. 3d 915, 924 (7th Cir. 2020); *State Auto Prop. & Cas. Ins. Co. v. Shores Builders, Inc.*, 19-CV-773, 10 (S.D. Ill. May. 12, 2021); and *Cincinnati v. West American*, 183 Ill. 2d. 317 (1998), Hastings owed, and continues to owe, Power a duty to defend in the *West* litigation.

26. In the interim, Zurich has been providing Power a defense in the *West* litigation and funding this declaratory judgment.

**WHEREFORE**, plaintiff, Power Construction Company, LLC, seeks a declaration that Hastings owes Power a duty to defend in the *West* litigation; in the alternative, Power seeks any other relief as the court deems appropriate.

### Count II: Power v. Hastings
*Breach of Contract*

27. Power restates the allegations in paragraphs 1 through 21, inclusive, in this paragraph 27 of Count II.

28. On June 20, 2022, Power tendered its defense of the *West* litigation to Hastings. Ex. D.

29. On November 2, 2022, Hastings wrongfully denied Power's tender. Ex. E.

30. Upon notice of the claim and pursuant to *Scottsdale Ins. Co. v. Columbia Ins. Group, Inc.*, 972 F. 3d 915, 924 (7th Cir. 2020); *State Auto Prop. & Cas. Ins. Co. v. Shores Builders, Inc.*, 19-CV-773, 10 (S.D. Ill. May. 12, 2021); and *Cincinnati v. West American*, 183 Ill. 2d. 317 (1998), Hastings owed, and continues to owe, Power a duty to defend in the *West* litigation.

31. Hastings has wrongfully breached its duty to defend its additional insured, Power.

32. Hastings is now estopped from asserting any policy defenses.

33. In the interim, Zurich has been providing Power a defense in the *West* litigation and funding this declaratory judgment.

**WHEREFORE**, plaintiff, Power, seeks a declaration of the following:

    a. Hastings has breached its duty to defend Power;

    b. Hastings owed, and continues to owe, Power a duty to defend the *West* litigation; and

    c. Hastings is estopped from asserting policy defenses with respect to the defense of Power in the *West* litigation;

Or for such other relief as the court deems appropriate.

<u>**Count III: Power v. Hastings**</u><br>*Section 155*

34. Power restates the allegations in paragraphs 1 through 33, inclusive, in this paragraph 34 of Count III.

35. The failure of Hastings to accept Power's tender constitutes vexatious and unreasonable conduct.

**WHEREFORE**, plaintiff, Power Construction Company, LLC, seeks a declaration of the following:

    a. Hastings acted vexatiously, unreasonably by denying Power's 6/20/2022 defense tender in the *West* litigation;

    b.    Hastings owes Power sanctions pursuant to Section 155 of the Illinois Insurance Code, namely:

        (i)    60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

        (ii)    $60,000; or

        (iii)    the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action;

Or for such other relief as the court deems appropriate.

## Count IV: Zurich v. Hastings
### *Equitable Subrogation*

36. Zurich restates the allegations in paragraphs 1 through 21, inclusive, in this paragraph 36 of Count IV.

37. Zurich has been providing Power a defense in the *West* litigation and funding this declaratory judgment.

38. Hastings is primarily liable for defending Power as an additional insured in the *West* litigation under its CGL policy # CPP6068444.

39. Zurich is secondarily liable to Power for the same loss under Zurich's CGL policy.

40. Zurich is discharging its liability to Power and, at the same time, extinguishing the liability of Hastings.

**WHEREFORE**, plaintiff, Zurich American Insurance Company, seeks a declaration of the following:

    a.    Zurich is entitled to equitable subrogation against Hastings;

    b.    Hastings owes Zurich reimbursement of defense costs, including attorney's fees, for Power incurred from 6/20/2022 to date in the *West* litigation;

    c.        Hastings owes any and all future defense costs for Power in the *West* litigation;

    d.        Hastings owes Zurich reimbursement of the costs, including attorney's fees, in pursuing this declaratory judgment action;

Or for such other relief as the court deems appropriate.

**Count V: Power v. Hastings**
*Duty to Indemnify*

41.    Power restates the allegations in paragraphs 1 through 21, inclusive, in this paragraph 41 of Count V.

42.    On June 20, 2022, Power tendered its indemnity in the *West* litigation to Hastings. Ex. D, 6/20/2022 Tender.

43.    On November 2, 2022, Hastings wrongfully denied Power's tender. Ex. E, 11/02/2022 Declination.

44.    Pursuant to the Power/Meyer Subcontract Agreement, the Hastings CGL, and the allegations in the *West* Complaint, Hastings owes a duty to indemnify Power for Power's liability in the *West* litigation because Power's liability falls within the Hastings CGL's coverage.

45.    Furthermore, Hastings owes a duty to indemnify Power because Hastings is estopped from asserting policy defenses to coverage.

**WHEREFORE**, plaintiff, Power Construction Company, LLC, seeks a declaration that Hastings owes Power a duty to defend in the *West* litigation; in the alternative, Power seeks any other relief as the court deems appropriate.

Respectfully submitted:

_____
Attorney for plaintiffs
**PATRICK WEST, ZURICH AMERICAN INSURANCE COMPANY** AND **POWER CONSTRUCTION COMPANY**

**FEIEREISEL KASBOHM & WAYNE, LLC**
218 N Jefferson St Ste 201
Chicago, Illinois 60661
Phone: 312-361-1941
Email: fkasbohm@fkllc.net
ARDC 6181770