UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, ) <br> POWER CONSTRUCTION COMPANY, LLC, ) <br> and PATRICK WEST, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HASTINGS MUTUAL INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | No. 23-cv-03658 |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiffs, Zurich American Insurance Company ("Zurich") and Power Construction Company, LLC ("Power"), by their undersigned attorneys, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, for their First Amended Complaint for Declaratory Judgment and Other Relief against Defendant, Hastings Mutual Insurance Company ("Hastings"), allege and state as follows:

1. This action seeks a declaration that Hastings has a duty to defend Power as an additional insured under the Hastings commercial general liability policy issued to "RELIABLE CONCRETE PUMPING LLC DBA MEYER CONCRETE PUMPING & CONVEYOR LLC" in the lawsuit that was filed by Patrick West titled *Patrick West v. Power Construction Company, LLC, et al.*, that is pending in the Circuit Court of Cook County, Illinois, under case no. 2022 L 005075 ("the underlying case"). This action further seeks judgment against Hastings for the attorneys' fees, costs and expenses incurred in the defense of Power in the underlying case to date, a declaration that Hastings is estopped to deny coverage to Power for the underlying case under the Hastings commercial general liability policy, for reasonable attorneys' fees and other

1

costs and a penalty under § 155 of the Illinois Insurance Code as a result of Hastings' unreasonable and vexatious conduct.

## Jurisdiction

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

3. Zurich is an insurance carrier licensed to issue policies of insurance in the State of Illinois. Zurich is incorporated under the laws of New York and maintains its principal place of business in Illinois.

4. Power is a Limited Liability Company that is organized under Illinois law. None of Power's members are citizens of Michigan.

5. Hastings is an insurance carrier licensed to issue policies of insurance in the State of Illinois. Hastings is incorporated under the laws of Michigan and maintains its principal place of business in Michigan.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

7. Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the acts giving rise to the dispute occurred, and are occurring, in Chicago, Illinois. The alleged incident that is at issue in the underlying case is alleged to have taken place in Chicago, and the underlying case for which Power is seeking coverage is pending the Circuit Court of Cook County, Illinois.

## General Allegations

8. On June 7, 2022, Patrick West ("West") filed a Complaint at Law against Power in the underlying case. A true and correct copy of the Complaint at Law filed in the underlying case ("the Underlying Complaint") is attached hereto as **Exhibit 1**.

2

9. In the underlying case, West alleges he was injured on July 5, 2021 while he was working on a construction project located at 2 West Division Street in Chicago, Illinois ("the project"). The incident in which West claims to have been injured will be referred to herein as "the alleged incident."

10. Power was the general contractor on the project.

11. Power entered into a Subcontract Agreement ("the Subcontract") dated January 6, 2021 with Meyer Concrete Pumping and Conveyer Services, LLC ("Meyer") in connection with the project. A true and correct copy of the Power/Meyer Subcontract is attached hereto as **Exhibit 2**.

12. Pursuant to the Subcontract, Meyer agreed to provide certain materials and labor for the project.

13. The Subcontract contains, at Article 4, section entitled "Insurance" that includes the following language:

> *ARTICLE 4: INSURANCE*
>
> *4.1 The Service Provider [Meyer] shall secure insurance coverage of the type and with the limits as set forth in Exhibit C, attached hereto. A condition precedent to the Service Provider's entitlement to payment shall be providing General Contractor [Power] with a certificate of insurance confirming that the required coverage with the required limits has been secured. \*\*\**
>
> **Exhibit 2**, p. 2.

14. "Exhibit C" to the Subcontract is titled "Insurance Requirements," and it contains the following language:

> *EXHIBIT C*
> *INSURANCE REQUIREMENTS*
> *\* \* \**
>
> *A. Commercial General Liability - Including coverage for Premises-Operations, Independent Contractors' liability, Products and Completed Operations, Contractual Liability, Personal Injury, and Broad Form Property Damage*

3

*(including coverage for Explosion, Collapse, and Underground hazards) with limits not less than the following:*

> *<u>Each</u> Occurrence       $1,000,000*
> *General <u>Aggregate</u> per Project   $2,000,000*
> *<u>Per Project</u> or <u>Per Location Aggregate</u> $2,000,000*
> *Personal and Advertising Injury:  $1,000,000*
> *Products - Completed Operations Aggregate $ 2,000,000*

*Completed Operations insurance maintained for a minimum period of two (2) years after Substantial Completion.*
***Such Policy shall include a Blanket Additional Insured listed herein with a Blanket Waiver of Subrogation in favor of Additional Insured's.***

* * *

<u>ADDITIONAL INSURED</u>

*Commercial General Liability and Excess Umbrella Liability policies described above shall include the following as additional insured's [sic]. including their officers, directors, and employees (the spelling of these parties must be <u>exactly</u> correct):*

> *Power Construction Company LLC (General Contractor)*
> *Power Construction Company LLC*

***

*The underlying coverage afforded to the additional insured under these policies shall be primary and noncontributory insurance. If the additional insured [Power] has other insurance that is applicable to the loss, such other insurance shall be in excess to the Service Provider's [Meyer's] insurance. The amount of the Service Provider's liability under this policy shall not be reduced by the existence of such other insurance. A Blanket Additional Insured Endorsement shall be provided so that the coverage afforded to the additional insured's shall apply to "Ongoing Operations" and "Completed Operations-Hazards." It is further agreed that the coverage afforded to the additional insured <u>shall not apply to the sole negligence of the additional insured's</u>.*

* * *

Exhibit 2, pp. 18-19 (emphasis in original).

15. Hastings issued a Commercial Package policy (that includes Commercial General Liability coverage) bearing policy no. CPP 6068444 with effective dates of July 17, 2020 to July 17, 2021 ("the Hastings policy"). A true and correct copy of what has been represented to be the complete Hastings policy is attached hereto as **Exhibit 3.**

16. Meyer is a named insured on the Hastings policy.

17. The Hastings policy was in force and effect on the date of the alleged incident. The Subcontract was in force and effect on the date of the alleged incident. Accordingly, the insurance requirements in the Subcontract obligated Meyer to designate Power as an additional insured on the Hastings policy for purposes of work that Meyer was performing on the project at the time of the alleged incident.

18. The Hastings policy contains an endorsement titled "LIABILITY COVERAGE EXTENSION" bearing form no. 2-968 (1/18) (hereinafter referred to as "the 2-968 endorsement"). The 2-968 endorsement contains the following language:

> **HASTINGS MUTUAL INSURANCE COMPANY**
> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **LIABILITY COVERAGE EXTENSION**
>
> **This endorsement modifies insurance provided under the following:**
> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> **\*\*\***
>
> **<u>Additional Insured by Contract, Agreement or Permit</u>**
> **A. The following is added to Section II – Who Is An Insured:**
>    **Any person or organization with whom you agreed, because of a written contract or written agreement, is an insured but only with respect to liability arising out of your ongoing operations performed for that insured, or facilities owned or used by you.**
>
> **With respect to the insurance afforded to these additional insureds, the following exclusions apply:**
>
> **1. The rendering of or failure to render professional services;**
> **2. Liability arising out of the sole negligence of the additional insured or by those acting on behalf of the additional insured; or**
> **3. "Bodily injury" or "property damage" occurring after:**

    **a. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or**

    **b. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.**

**However:**

**1. The insurance afforded to such additional insured only applies to the extent permitted by law; and**

**2. If coverage provided to the additional insured is required by a written contract or written agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.**

\*\*\*

19. The CGL coverage form in the Hastings policy (form no. CG 00 01 04 13) states that, when used in the Hastings policy, the words "you" and "your" refer to the Named Insured, which is Meyer.

20. The Subcontract is a written contract or written agreement in which Meyer was required to designate Power as an additional insured on the Hastings policy at the time of the alleged incident. Accordingly, for purposes of the underlying case, Power qualifies as an additional insured on the Hastings policy under the 2-968 endorsement.

21. The Hastings policy also includes the "ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION"

6

endorsement bearing form no. CG 20 10 04 13 (hereinafter referred to as "the 20 10 endorsement"). The 20 10 endorsement contains the following language:

**SCHEDULE**

| Name of Additional Insured Persons(s) Or Organization | Location And Description Of Completed Operations |
|---|---|
|  |  |
|  |  |
|  |  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", *** caused, in whole or in part, by:**

**1. Your [Meyer's] acts or omissions; or**

**2. The acts or omissions of those acting on your [Meyer's] behalf; in the performance of your ongoing operations for the additional insured(s) [Power] at the location(s) designated above.**

**However:**
**1. The insurance afforded to such additional insured only applies to the extent permitted by law; and**

**2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.**

**B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:**

**This insurance does not apply to "bodily injury" or "property damage" occurring after:**

**1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or**

7

    **2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.**

  **C. With respect to the insurance afforded to these additional insureds, the following is added to Section III – Limits Of Insurance:**

  **If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:**

    **1. Required by the contract or agreement; or**
    **2. Available under the applicable Limits of Insurance shown in the Declarations; whichever is less.**

  **This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.**

    22. The Schedule in the 20 10 endorsement has a box labelled "Name Of Additional Insured Person(s) Or Organization(s)" and a box labelled "Location(s) Of Covered Operations", both of which are blank. The bottom of the Schedule contains the following language: "Information required to complete this Schedule, if not shown above, will be shown in the Declarations."

    23. The Declarations pages in the Hastings policy (at FORM 8 001 (5/83)) contains the following language:

> **ADDITIONAL INSURED**
> **CG 20 10    2-014**
> **ANY PERSON OR ORGANIZATION**
> **FOR WHOM YOU ARE REQUIRED**
> **PO BOX 296**
> **LIBERTYVILLE IL**
> **60048**

24. The Subcontract requires Meyer to designate Power as an additional insured on the Hastings policy at the time of the alleged incident. Accordingly, for purposes of the underlying case, Power qualifies as an additional insured on the Hastings policy under the 20 10 endorsement.

25. The Hastings policy also contains an endorsement titled "ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION" bearing form no. PD 02 58 10 10 (hereinafter referred to as "the 02 58 endorsement"). The 02 58 endorsement contains the following language:

> **This endorsement modifies insurance provided under the following:**
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> **SCHEDULE**
>
> | **Name of Person or Organization** |
> |---|
> | |
>
> **A. Section II - Who Is An Insured is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your [Meyer's] ongoing operations performed for that insured [Power].**
>
> **B. With respect to the insurance afforded to these additional insureds, the following exclusion is added:**
>
> **2. Exclusions**
>
> **This insurance does not apply to "bodily injury" or "property damage" occurring after:**
>
> **(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or**
>
> **(2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any**

9

> **person or organization other than another contractor or subcontractor engaged in performing operations as a part of the same project.**

26. The 02 58 endorsement includes a Schedule with a box for "Name of Person or Organization" that is blank.

27. The Declarations pages in the Hastings policy (at FORM 8 001 (5/83)) contains the following language:

> **ADDITIONAL INSURED**
> **PD 02 58 2-014**
> **ANY PERSON OR ORGANIZATION FOR**
> **WHOM YOU ARE REQUIRED IN A**
> **PO BOX 296**
> **LIBERTYVILLE IL**
> **60048**

28. The Subcontract requires Meyer to designate Power as an additional insured on the Hastings policy at the time of the alleged incident. Accordingly, for purposes of the underlying case, Power qualifies as an additional insured on the Hastings policy under the 02 58 endorsement.

29. The 2-968 endorsement, the 20 10 endorsement and the 02 58 endorsement will be collectively referred to herein as "the additional insured endorsements".

30. Pursuant to any or all of the additional insured endorsements, Power is an additional insured, on a primary and non-contributory basis, on the Hastings policy for purposes of the underlying case.

31. In the underlying Complaint, West alleges that, prior to the alleged incident, Meyer was hired by Power to perform certain work at the project.

32. In the underlying Complaint, West alleges that, at the time of the alleged incident, he was an employee of Meyer that was performing crane operation work on the project.

33. In the underlying Complaint, West further alleges that, in the alleged incident, he was injured when he was dismounting from a crane's ladder and he stepped on certain column caps that had been placed underneath the crane's ladder.

34. In the underlying Complaint, West alleges that Power is liable to West in connection with the alleged incident because West claims that Power failed to ensure that project subcontractors, including Meyer, adhered to the safety guidelines and protocols necessary to provide a safe workplace on the project.[1]

35. Power sought coverage from Hastings in the underlying case no later than June 20, 2022, when Power's counsel in the underlying case wrote to Hastings and requested coverage. A true and correct copy of the letter issued by Power's counsel to Hastings is attached hereto as **Exhibit 4**.

36. In response to Power's coverage request, Hastings (by counsel) issued a coverage denial letter to Power's counsel dated November 2, 2022. A true and correct copy of the Hastings denial letter is attached hereto as **Exhibit 5.**

37. Zurich issued Commercial Insurance policy no. GLO 3487105-14 ("the Zurich policy") to Power Construction Company for the effective period of April 1, 2021 to April 1, 2022. The Zurich policy was in effect as of the date of the alleged incident. Because Hastings has refused to provide coverage for Power in the underlying case, Power has obtained, and is obtaining, coverage under the Zurich policy for purposes of the underlying case.

**Count I**
**(Zurich and Power v. Hastings for Declaratory Judgment that Hastings has a duty to defend Power in the underlying case.)**

---

[1] Power denies all liability to West in the underlying case and is only referring to West's allegations in this Complaint because the allegations are relevant to the coverage that Power should obtain under the Hastings policy.

38. The claims asserted against Power in the underlying case are within the scope of coverage provided to Power by any or all of the additional insured endorsements.

39. Hastings is obligated to defend Power in the underlying case pursuant to the terms of any or all of the additional insured endorsements

40. As a result of Hastings wrongful denial of coverage to Power, Power has incurred defenses fees, costs and expenses in the underlying case.

41. An actual controversy exists between the parties hereto, making this matter appropriate for disposition under 28 U.S.C §§ 2201 and 2202.

WHEREFORE, Plaintiffs, Zurich American Insurance Company and Power Construction Company, LLC, pray this Court enter a declaratory judgment in Zurich's and Power's favor and against Defendant, Hastings Mutual Insurance Company, declaring, adjudging, decreeing and ordering as follows:

   a. Hastings has (and, at all relevant times, had) a duty to defend Power in the underlying case on a primary and non-contributory basis;

   b. Hastings is required to reimburse Power and Zurich for any expenses they incurred in defending Power in the underlying case;

   c. Power and Zurich are entitled to their costs incurred in this action; and

   d. Power and Zurich are entitled to any further or other relief this Court deems just and proper.

## Count II
**(Power v. Hastings; Hastings is estopped from asserting coverage defenses.)**

1-41.  For Paragraphs 1-41 of Count II, Power restates and realleges Paragraphs 1-41 of Count I.

42. Power requested coverage for the underlying case from Hastings by letter dated June 20, 2022. Hastings denied coverage to Power for the underlying case under by letter dated November 2, 2022.

43. Hastings did not file a declaratory action seeking a judicial finding that Hastings had no duty to defend Power in the underlying case. This action was filed by Power and Zurich on June 9, 2023, almost one year after Power made its coverage request.

44. If this action had not been initiated by Power and Zurich, based on information and belief, Hastings would have continued to take no action regarding Power's request for coverage.

45. Because Hastings failed to defend Power in the underlying case and failed to promptly seek a judicial declaration that Hastings had no duty to defend, Hastings is now estopped from raising policy defenses to coverage.

WHEREFORE, Plaintiff, Power Construction Company, LLC, prays this Court enter a declaratory judgment in Power's favor and against Defendant, Hastings Mutual Insurance Company, declaring, adjudging, decreeing and ordering as follows:

a. Hastings is estopped from raising policy defenses to Power's request for coverage in the underlying case;

c. Power is entitled to its costs incurred in this action; and

d. Power is entitled to any further or other relief this Court deems just and proper.

### Count III
**(Power v. Hastings; Violation of § 155 of the Illinois Insurance Code.)**

1-45. For Paragraphs 1-45 of Count II, Power restates and realleges Paragraphs 1-45 of Count II.

46. At all relevant times, there was in force and effect § 155 of the Illinois Insurance Code, which provides in relevant part:

> **(1)** In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
>> **(a)** 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>>
>> **(b)** $60,000;
>>
>> **(c)** the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.
>
> ***
>
> 215 ILCS 5/155

47. Besides being generally erroneous, Hastings' denial letter does not address Power's qualification as an additional insured on the Hastings policy pursuant to any or all of the additional insured endorsements, despite the fact that Power's coverage request was premised on Power's qualification as an additional insured on the Hastings policy.

48. The conduct of Hastings caused Power to initiate this case.

49. Under the totality of the circumstances, including Power encountering "unnecessary difficulties" by Hastings' withholding of policy benefits, Hastings' attitude, Hastings abandoning its additional insured (Power), Power being forced to incur expense in the underlying case and in this action, Hastings acts, omissions and tactics are "vexatious and unreasonable" under § 155 of the Illinois Insurance Code, and therefore, Power is entitled to reasonable attorney's fees, other costs and a penalty.

WHEREFORE, Plaintiff, Power Construction Company, LLC, prays this Court enter judgment in Power's favor and against Defendant, Hastings Mutual Insurance Company, as follows:

   a. Finding that Hastings' conduct is vexatious and unreasonable under § 155 of the Illinois Insurance Code;

b. Awarding Power its reasonable attorney fees and other costs incurred in this action as a result of the vexatious and unreasonable conduct by Hastings;

c. Imposing a penalty on Hastings in an amount not in excess of 60% of the amount which the court or jury finds Power is entitled to recover against Hastings, exclusive of all costs or $60,000;

d. Awarding Power its costs; and

e. Awarding Power such other and further relief as this Court deems just and equitable.

                              Respectfully Submitted,

                              Zurich American Insurance Company

                              By: /s/ Brian A. O'Gallagher
                                  Brian A. O'Gallagher
                                  Mark W. Monroe
                                  Bodell Bove LLC
                                  915 Harger Rd., Suite 240
                                  Oak Brook, IL 60523
                                  Phone: (630) 382-4800
                                  Facsimile: (630) 468-2158
                                  bogallagher@bodellbove.com
                                  mmonroe@bodellbove.com

                              Power Construction Company, LLC

                              By: /s/ Francis Kasbohm
                                  Francis Kasbohm
                                  Rachel Wayne
                                  Feiereisel Kasbohm & Wayne, LLC
                                  218 N Jefferson St Ste 201
                                  Chicago, Illinois 60661
                                  Phone: 312-361-1941
                                  fkasbohm@fkllc.net
                                  rwayne@fkllc.net